## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHERRIE LYNN KELLER, | : | NO. 3:25-CV-00555 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | (CAMONI, M.J.) |
| FRANK BISIGNANO,[1] | : | |
| *Commissioner of Social Security,* | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

Plaintiff Sherrie Keller brought this action under 42 U.S.C. § 1383(c)(3), seeking judicial review of the final decision of the Commissioner of Social Security denying her claim for disability insurance benefits and supplemental security income under Title II and XVI of the Social Security Act. Transcript, doc. 7-3 at 24, 35. Because the ALJ's determinations are supported by substantial evidence, the Court will affirm the decision of the Commissioner.

---

[1] Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano should be substituted as the defendant in this suit. No further action is needed to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.    <u>BACKGROUND</u>

On January 11, 2023, Keller applied for disability insurance benefits under Title II of the Social Security Act, alleging disability as of November 19, 2018, which she later amended to June 20, 2022. Doc. 7-3 at 24; doc. 7-2 at 43. Keller also applied for supplemental security income benefits under Title XVI of the Social Security Act. Doc. 7-3 at 35. Following an initial denial, Keller submitted an appeal, requesting a hearing before an Administrative Law Judge (ALJ). Doc. 7-4 at 43. The ALJ conducted the hearing and determined that Keller is not disabled. Doc. 7-2 at 32, 41.

Keller filed a request for review of the ALJ's decision, which the Appeals Council denied. *Id.* at 2. The ALJ's decision, therefore, became the final decision of the Commissioner. 42 U.S.C. § 405(g). Pending before this Court is Keller's action seeking judicial review of the Commissioner's decision. Complaint, doc. 1. This case is fully briefed (docs. 8-10) and ripe for resolution. The parties consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, including entry of final judgment. Doc. 5.

## A.    The Disability Determination Process

To determine whether a claimant is disabled under the Social Security Act, an ALJ applies a "five-step sequential evaluation process." 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The ALJ assesses whether the claimant:

1. has engaged in substantial gainful activity since the onset of the alleged disability;

2. had a severe medically determinable impairment;

3. suffered from an impairment listed in the regulations as presumptively disabling;

4. could return to his past work; and

5. could perform other available work in the national economy.

*See* §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v). Between steps three and four, the ALJ also determines whether the claimant's residual functional capacity (RFC) allows the claimant to continue his previous employment. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). RFC "is the most [a claimant] can still do despite" impairments. §§ 404.1545(a)(1), 416.945(a)(1).

## B.    Issues on Appeal

After following the five-step sequential analysis, the ALJ determined that Keller "has not been under a disability" from "June 20,

2022, through the date of this decision," concluding at step five that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." Doc. 7-22 at 31-32.

Most relevant to Keller's appeal, the ALJ found at the RFC stage, that Keller has the residual functional capacity:

> [T]o perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: Frequent use of hand controls and foot controls. Frequent reaching. No climbing of ropes, ladders, or scaffolds. Can perform other postural activities no more than occasionally. Occasional exposure to unprotected heights, moving mechanical parts, extreme temperatures, humidity, vibration, and dust, odors, fumes, and other pulmonary irritants. Limited to perform routine tasks. Limited to simple work-related decisions. Limited to frequent interaction with supervisors and occasional interaction with coworkers and the public.

*Id.* at 23.

Keller argues that the ALJ failed in assessing her RFC because the ALJ: (1) never mentioned her diarrhea; (2) never mentioned her medically prescribed cane; (3) failed to address relevant evidence; and (4) failed to properly evaluate medical opinion evidence. Pl.'s Br., doc. 8 at 6-9.

## II.    <u>LEGAL STANDARD</u>

In reviewing the Commissioner's final decision denying a claimant's application for benefits, the Court is limited to determining whether the findings of the final decision-maker are supported by substantial evidence in the record. *See* 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g) by reference); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012). Under the substantial-evidence standard, a court examines an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019). Substantial evidence does not mean a large or considerable amount of evidence, but rather "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 103; *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Substantial evidence is less than a preponderance of the evidence but more than a mere scintilla. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A single piece of evidence is not substantial evidence if the ALJ ignores countervailing evidence or fails to resolve a conflict created by the evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). In an

adequately developed factual record, however, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966). "In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole." *Leslie v. Barnhart*, 304 F. Supp. 2d 623, 627 (M.D. Pa. 2003). In reviewing the record for substantial evidence, "[n]either the district court nor [the Third Circuit] is empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992). To reverse the ALJ's findings and decision, the Court "must find that the evidence not only supports [a contrary] conclusion but compels it." *Immigr. & Naturalization Serv. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

The question before the Court, therefore, is not whether Keller is disabled, but whether the Commissioner's finding that Keller is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See Arnold v. Colvin*, No.

12-2417, 2014 WL 940205, at *1 (M.D. Pa. Mar. 11, 2014) ("[I]t has been held that an ALJ's errors of law denote a lack of substantial evidence."); *Burton v. Schweiker*, 512 F. Supp. 913, 914 (W.D. Pa. 1981) ("The [Commissioner]'s determination as to the status of a claim requires the correct application of the law to the facts."); *see also Wright v. Sullivan*, 900 F.2d 675, 678 (3d Cir. 1990) (noting that the scope of review on legal matters is plenary); *Ficca*, 901 F. Supp. 2d at 536 ("[T]he court has plenary review of all legal issues decided by the Commissioner."). In determining that question, the Court must evaluate whether the ALJ's decision meets the burden of articulation necessary to enable judicial review; that is, the ALJ must articulate the reasons for his decision beyond stating bare conclusions. *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000).

## III.   <u>DISCUSSION</u>

Keller challenges the ALJ's RFC assessment because the ALJ: (1) never mentioned her diarrhea; (2) never mentioned her medically prescribed cane; (3) failed to address relevant evidence; and (4) failed to properly evaluate medical opinion evidence. Doc. 8 at 6-9. The Court will address each argument in turn.

**A.   Keller's diarrhea is not a medically determinable impairment.**

Keller argues that the ALJ erred by failing to discuss Keller's diagnosis of diarrhea. Doc. 8 at 5. Not so.

A claimant has the burden to establish a medically determinable impairment. At step two, a claimant must establish a physical or mental impairment which must be shown by "medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1521. The ALJ "will not use [a claimant's] statement of symptoms, *a diagnosis*, or a medical opinion to establish the existence of an impairment[.]" *Id.* (emphasis added). The existence of a medically determinable impairment "cannot be established in the absence of objective medical abnormalities; i.e., medical signs and laboratory findings." SSR 96-4p, 1996 WL 374187, at *1. Here, the record shows that Keller falls short of carrying her burden to establish Keller's diarrhea as a medically determinable impairment. *See Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005) (explaining that the ALJ need not discuss all impairments but only those that are medically determinable).

Since June 2022, the alleged onset of disability, Keller has never been treated for diarrhea. The instances of diarrhea and prescribed

treatment occurred in 2021, before the alleged onset date. *See, e.g.*, doc. 7-7 at 443, 581, 590, 592. At that time, Keller was diagnosed with diarrhea likely related to medication, which her doctor recommended she stop. *Id.* at 590.

During the relevant disability period, however, Keller consistently reported "no diarrhea" to her treatment providers. *See id.* at 464, 471-72, 495 ("She denies any associated symptoms such as nausea, vomiting or diarrhea"), 561, 675. A treatment provider did note on an isolated occasion, in August 2023, that Keller experienced diarrhea, but noted it as a side-effect from medication. *Id.* at 275. The objective evidence, therefore, does not establish Keller's diarrhea as a medically determinable impairment.

Moreover, Keller did not claim diarrhea as an impairment. *See* doc. 7-6 at 31 (disability report). During the hearing, when given the opportunity, Keller never mentioned diarrhea as being a limitation. *See* doc. 7-2 at 44; *id.* at 56 (describing "sometimes" experiencing incontinence resulting from pain); *see also id.* 56-63 (no mention of diarrhea during the examination of Keller by her attorney). The Court is, therefore, satisfied that substantial evidence supported the ALJ's

determination to exclude diarrhea as a medically determinable impairment. *See Jones v. Sullivan*, 954 F.2d 125, 128 (3d Cir. 1991) (finding that mere diagnosis of an impairment, without more, does not warrant an award of disability benefits).

**B.    Keller failed to establish the medical necessity of a cane.**

Keller next argues that the ALJ erred by not mentioning Keller's need for a cane. *Id.* at 7. Specifically, she argues that she "was unquestionable [*sic*] prescribed a cane." *Id.* at 8, citing doc. 7-10 at 517.

An ALJ is mandated to consider only "medically required" ambulatory-assistive devices. *See* SSR 96-9p, 1996 WL 374185, at *7. "To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed." *Id.* Keller supplied no such documentation. Keller's "prescription" for a cane is a one that Keller requested, not a prescription that a doctor found was necessary for Keller. *See* doc. 7-10 at 517 ("I provided her with a DME script for a cane *as requested*."). Because Keller provided no evidence to demonstrate that a cane was medically necessary, the ALJ did not err in excluding Keller's asserted

need for a cane. *See Howze v. Barnhart*, 53 F. App'x 218, 222 (3d Cir. 2002) (finding insufficient the evidence of a claimant's need for a cane where the medical records did not discuss its medical necessity).

**C.    The ALJ's RFC determination is supported by substantial evidence.**

Finally, Keller argues that the ALJ failed to properly evaluate medical opinions. *See* doc. 8 at 8-9.[2] Specifically, Keller contends that the ALJ failed to evaluate Dr. Bunt and Dr. Whitehouse's opinions. *Id.* at 10-11. The Court of Appeals for the Third Circuit explains that to satisfy the articulation requirements for supportability and consistency, "a judge need not reiterate the magic words 'support' and 'consistent' for each doctor." *Zaborowski v. Comm'r of Soc. Sec.*, 115 F.4th 637, 639 (3d Cir. 2024). Instead, it is sufficient for an ALJ to "weave supportability and consistency throughout her analysis of which doctors were persuasive." Id. Here, the ALJ did exactly that.

Contrary to Keller's contention that the ALJ dismissed Dr. Bunt's opinion in one sentence, the ALJ provided reasoned explanation for why Dr. Bunt's opinion failed to persuade. *See* doc. 7-2 at 30 (discussing

---

[2] The Court has considered Keller's remaining arguments and find them unavailing.

Keller's treatment records which generally showed "no apparent distress with normal gait and ambulation, full range of motion, full strength, intact sensation, and otherwise benign physical examination.").

The ALJ also sufficiently discussed Dr. Whitehouse's opinion. The ALJ found Dr. Whitehouse's opinion not persuasive because the opinion was inconsistent with Dr. Whitehouse's own treatment notes. *See* doc. 7-2 at 29 ("This opinion is not persuasive because it is not supported by Dr. Whitehouse's examination of the claimant is not consistent with the record."). The ALJ found that the record supports Keller's ability to perform routine tasks and make simple work-related decisions as Keller was "generally calm, cooperative, alert, oriented, . . . and in no apparent distress." *Id.* The ALJ, thus, sufficiently evaluated Keller's medical evidence. *See Zaborowski*, 115 F.4th at 639–40 (finding an ALJ's articulation sufficient as to the opinions of psychologists where the ALJ explained how the opinions "fit with other evidence").

On the whole, after careful review, the Court finds that the ALJ's decision is supported by substantial evidence, and thus will affirm the decision of the Commissioner.

Page 12 of 13

## IV.   <u>CONCLUSION</u>

Accordingly, the Commissioner's decision will be **AFFIRMED**. An appropriate order follows.

Date: June 4, 2026

s/*Sean A. Camoni*
Sean A. Camoni
United States Magistrate Judge